IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MATTHEW GARRETTT STROUD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 24-CV-00223-GKF-SH |
| AMERICAN ECONOMY INSURANCE COMPANY and RESET RESTORATION SERVICES, LLC, | ) ) ) ) ) |
| Defendants. | ) ) |

**OPINION AND ORDER**

This matter comes before the court on the Motion to Sever [Doc. 11] of defendant American Economy Insurance Company and the Motion to Remand [Doc. 13] of plaintiff Matthew Garrett Stroud. For the reasons set forth below, the motion to remand is granted and the motion to sever is dismissed.

**I.  PROCEDURAL HISTORY**

This case arises out of an insurance dispute between plaintiff Matthew Garrett Stroud and defendant American Economy Insurance Company. Mr. Stroud also brings contract claims against defendant Reset Restoration Services, LLC for allegedly incomplete repair work performed under Mr. Stroud's insurance claim with American Economy.

Mr. Stroud filed this case on December 22, 2023, in the District Court in and for Tulsa County against defendants American Economy and Reset Restoration. On January 25, 2024, American Economy filed a motion to sever in the state court. On May 2, 2024, the Honorable Tracy L. Priddy, District Court Judge of the District Court in and for Tulsa County, Oklahoma, entered an order (herein, "the Order") granting American Economy's motion to sever. The Order

states: "Plaintiff's claims against American Economy are severed from Plaintiff's claims against Reset Restoration Services *for purposes of trial*." [Doc. 2-23 (emphasis added)]. The state court did not subsequently create and open a separate action against Reset Restoration.

American Economy removed the case to this court on May 10, 2024, based on diversity jurisdiction. After removing the case, American Economy again filed a motion to sever, wherein it asks the court to "confirm[] that [Mr. Stroud's] claims asserted against American Economy and Reset Restoration, LLC, were previously severed in state court, or to simply sever or drop Reset from this action." [Doc. 11, p. 4].

On May 28, 2024, Mr. Stroud filed his motion to remand. In his motion, Mr. Stroud argues that the Order merely severed his claims against American Economy from his claims against Reset Restoration for the purposes of trial. Accordingly, Mr. Stroud contends that Reset Restoration remains a party to the case and therefore the court lacks subject matter jurisdiction. Alternatively, Mr. Stroud argues that, even if the Order effectuated a true severance of his claims, this case remains nonremovable under the voluntary-involuntary doctrine.

American Economy and Mr. Stroud each filed a response to the opposing party's motion and a reply in support of their respective motions.

**II.    LEGAL STANDARD**

"A defendant may remove a civil action initially brought in state court if the federal district court could have exercised original jurisdiction." *Salzer v. SSM Health Care of Okla., Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) (citing 28 U.S.C. § 1441(a)). "However, a federal court must remand a removed action back to state court '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" *Id.* (quoting 28 U.S.C. § 1447(c)). "The party invoking federal jurisdiction has the burden to establish that it is proper, and 'there is a presumption

against its existence.'" *Id.* (quoting *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)); *see also Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("As the parties removing this case to federal court, the defendants bear the burden of establishing jurisdiction by a preponderance of the evidence."); *Middleton v. Stephenson,* 749 F.3d 1197, 1200 (10th Cir. 2014) ("Start with the rule that a party invoking diversity jurisdiction bears the burden of proving its existence by a preponderance of the evidence."). "[A]ll doubts are to be resolved against removal." *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

### III. ANALYSIS

American Economy invokes the court's diversity jurisdiction. "Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).[1] In this case, the there is no dispute as to the citizenship of each of the parties: Mr. Stroud is a citizen of Oklahoma, American Economy is a citizen of Indiana and Massachusetts, and Reset Restoration is a citizen of Oklahoma. Accordingly, from the face of the pleadings, it appears that the parties are not completely diverse and the court lacks subject matter jurisdiction.

Nevertheless, American Economy advances two arguments in support of removal. First, it asserts that the Order created two separate civil actions, one against each defendant, and therefore the case between Mr. Stroud and American Economy is removable. Second, American Economy

---

[1] Diversity jurisdiction also requires that the "matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a). Mr. Stroud alleges damages "in excess of seventy-five thousand dollars ($75,000.00)." [Doc. 2-2, p. 6]. The amount in controversy requirement is therefore satisfied.

argues that even if the Order did not create two separate civil actions, the court should sever and remand the claims against Reset Restoration while retaining jurisdiction over the claims against it.

### A. THE VOLUNTARY-INVOLUNTARY RULE

Under the "well accepted" voluntary-involuntary rule, "a case cannot be removed if it began with a nondiverse party or forum-citizen defendant and only later came to satisfy the requirements of removal jurisdiction." *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1248 (D.N.M. 2014) (citing *DeBry v. Transamerica Corp.*, 601 F.2d 408, 488 (10th Cir. 1979)). However, the voluntary-involuntary rule does not apply if (1) the non-diverse defendant was fraudulently joined to the action for the purpose of defeating diversity jurisdiction; or (2) the plaintiff voluntarily dismisses the non-diverse defendant. *Id.*

"Where a nondiverse defendant is present but alleged to be improperly joined, a claim of fraudulent joinder must be pleaded in the notice of removal." *Hanson v. Dollar General*, No. CIV-21-362-D, 2021 WL 2026452, at *2 (W.D. Okla. May 20, 2021) (unpublished).[2] Here, American Economy did not plead fraudulent joinder in its notice. The court therefore declines to apply the fraudulent joinder doctrine as an exception to the voluntary-involuntary rule in this case.

As to the second exception, the Order was issued over the objection of Mr. Stroud. Assuming *arguendo* that the Order effectuated a true severance of Mr. Stroud's claims, there can be no question that the severance was not the result of any voluntary act of Mr. Stroud. Therefore, the voluntary-involuntary rule prohibits American Economy from removing this case based on the Order.

---

[2] "Unpublished decisions are not precedential, but may be cited for their persuasive value." 10th Cir. R. 32.1(A).

### B. THE ORDER DID NOT UNAMBIGUOUSLY EFFECTUATE A TRUE SEVERANCE OF MR. STROUD'S CLAIMS

The court finds that the Order did not unambiguously sever Mr. Stroud's claims into two separate civil actions. While the Order does use the word "sever," the "[u]se of the word 'severed' is insufficient in itself, to establish a Rule 21 severance, given a widely-recognized looseness in usage of the language." *Caldwell v. Alfa Ins. Corp.*, 806 F. Supp. 623, 625 (S.D. Miss. 1992) (quoting *Compagnie France Film v. Vertex, Ltd.*, 782 F.2d 1034 (4th Cir. 1985) (table)); *see also Vogel v. Merck & Co., Inc.*, 476 F. Supp. 2d 996, 998 (S.D. Ill. 2007) ("The term 'severance' is a word of sometimes indeterminate meaning.").

Importantly, the Order qualifies the word "sever" with the phrase "for purposes of trial," which communicates that the state district court did not intend to create two entirely separate civil actions. While American Economy repeatedly describes the phrase "for purposes of trial" as "filler words," there is nothing to suggest that the Tulsa County court did not mean precisely what it said. Rather, a plain reading indicates that the Tulsa County court intended to maintain this case as a single action with separate trials for each defendant (i.e., a bifurcation), rendering this case non-removable.

In light of the foregoing, this court finds and concludes that American Economy, as the removing party, has failed to satisfy its burden of establishing removability in this case.

### C. IN THE ABSENCE OF SUBJECT MATTER JURISDICTION THE COURT IS WITHOUT AUTHORITY TO SEVER RESET RESTORATION FROM THIS MATTER

"If the Court 'has no jurisdiction over the case' at the time of filing, it can have 'no occasion to consider whether to exercise its discretion under Rule 21 to sever the parties and the claims.'" *TMBERS Prop. Holdings, LLC v. Conte*, No. 17-CV-494-EFM-SH, 2023 WL 3184569, at *11 (N.D. Okla. May 1, 2023) (unpublished). "It would be contrary to the principles established by

the Supreme Court to . . . allow[] cases to be split into multiple federal actions to achieve complete diversity in pieces of the litigation over which the court lacked subject matter jurisdiction at the outset." *Ravenswood Inv. Co., L.P. v. Avalon Corr. Servs.*, 651 F.3d 1219, 1224 (10th Cir. 2011).

Having determined that this case is not properly before the court on diversity jurisdiction, the court must dismiss American Economy's motion to sever for lack of subject matter jurisdiction.

### IV. CONCLUSION

WHEREFORE, the Motion to Remand [Doc. 13] of plaintiff Matthew Garrett Stroud is granted, and the Court Clerk shall remand this case to the District Court in and for Tulsa County, Oklahoma. The Motion to Sever [Doc. 11] of defendant American Economy Insurance Company is dismissed for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1447(c), American Economy Insurance Company shall pay just costs and actual expenses, including attorney fees, incurred by plaintiff as a result of the removal. Plaintiff shall file an application for such costs and expenses on or before July 9, 2024, and defendant shall respond on or before July 23, 2024.

DATED this 26th day of June, 2024.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE