**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| MATTHEW GARRETTT STROUD**,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 24-CV-00223-GKF-SH |
| | ) | |
| AMERICAN ECONOMY INSURANCE | ) | |
| COMPANY and RESET RESTORATION | ) | |
| SERVICES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the court is the Motion to for Attorney Fees [Doc. 24] of plaintiff Matthew Garrett Stroud. For the reasons set forth below, the court grants plaintiff's motion in part and awards fees in the amount of $14,544.50.

**I.     PROCEDURAL HISTORY**

This case arises out of an insurance dispute between plaintiff Matthew Garrett Stroud and defendant American Economy Insurance Company.

Mr. Stroud filed this case on December 22, 2023, in the District Court in and for Tulsa County against defendants American Economy and Reset Restoration Services, LLC. American Economy removed the case to this court on May 10, 2024, based on diversity jurisdiction. Importantly, American Economy did not allege fraudulent joinder in its notice of removal. Rather, American Economy asserted that the claims against it were removable because the state court had ordered "[p]laintiff's claims against American Economy are severed from Plaintiff's claims against Reset Restoration Services *for purposes of trial*."  [Doc. 2-23 (emphasis added)].

On June 26, 2024, the court remanded this case and ordered American Economy to pay the reasonable costs and expenses, including attorney fees, incurred by Mr. Stroud as a result of the improper removal. Mr. Stroud filed his Motion for Attorney Fees on July 9, 2024, seeking $16,382.00 in fees and expenses. American Economy filed a response in opposition. This motion is therefore ripe for decision.

## II.   LEGAL STANDARD

An order remanding a case to state court may require the removing party to pay the nonmovant's "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[T]he standard for award fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

## III.   ANALYSIS

American Economy argues that Mr. Stroud is not entitled to a fee award because it had an objectively reasonable basis for removing the case. Alternatively, American Economy contends that Mr. Stroud's fee request is excessive because it is not reasonably proportional to the work performed and the request includes time spent on matters unrelated to removal and remand of this case. As set forth below, the court finds that American Economy lacked an objectively reasonable basis for removal and a fee award is therefore appropriate. However, because some of the fees claimed by Mr. Stroud were not reasonably incurred in resisting removal, the court awards fees in the amount of $14,544.50.

### A. The State Court Order did not Provide an Objectively Reasonable Basis for Removal

As explained in the order remanding this case, use of the word "sever" alone does not effectuate a true Rule 21 severance. This is due, in part, to the fact that courts may order separate trials of a litigant's claims while otherwise maintaining the claims as a single action. *Caldwell v. Alfa Ins. Corp.*, 806 F. Supp. 623, 625 (S.D. Miss. 1992) (quoting *Compagnie France Film v. Vertex, Ltd.*, 782 F.2d 1034 (4th Cir. 1985) (table)).  Where the state court merely orders that claims will be severed for the purpose of trial, it does not effectuate a true Rule 21 severance for the purpose of removal. *Id.*

American Economy asserts that its removal was objectively reasonable "due to its prior history in successfully removing other, similar actions." [Doc. 25, p. 5]. American Economy cites to seven cases, two of which were before this court, wherein American Economy or its affiliates removed cases following the issuance of severance orders in state court. However, in the two cases removed to this court, the underlying severance orders plainly stated that the "claims shall proceed as two separate actions under two different case captions." [Doc. 25-1, pp. 5, 10]. In contrast, the state court order in this case does not provide that the claims would proceed as separate actions.

Further, none of the severance orders attached to American Economy's response include the limiting phrase "for purposes of trial." While American Economy dismisses this phrase as "filler words," it provides no objectively reasonable basis upon which the court can conclude that the state court did not mean what it said.

Because the state court did not order that the claims would proceed as two separate actions, and instead ordered that the claims would only be severed for purposes of trial, the court concludes that the underlying order did not provide an objectively reasonable basis for removal of this action.

### B. Regardless of the Text of the State Court Order, Removal was not Objectively Reasonable Under the Voluntary-Involuntary Rule

Even if the state court had ordered that the claims against each of the defendants would proceed as separate actions, the voluntary-involuntary rule would prohibit removal unless Reset, the forum-citizen defendant, was either fraudulently joined or voluntarily dismissed from the case by Mr. Stroud. There is no dispute that the latter exception does not apply in this case. However, the fraudulent joinder issue warrants further discussion.

Where removal of a case relies on the doctrine of fraudulent joinder, the removing party must specifically allege in its notice of removal that the diversity-defeating party was fraudulently joined to the case. *Hanson v. Dollar General*, Case No. 21-CIV-362, 2021 WL 2026452, at *2 (W.D. Okla. May 20, 2021). American Economy failed to plead fraudulent joinder in its notice of removal. This court therefore refused to consider fraudulent joinder as an exception to the voluntary-involuntary rule in ruling on Mr. Stroud's motion to remand.

In *Hanson*, the district court refused to award attorney fees on remand because it found that, despite the removing party's failure to allege fraudulent joinder in its notice of removal, the facts of the case supported a "potential claim for fraudulent joinder." *Id.* at *3. In this case, however, American Economy not only did not allege fraudulent joinder in its notice of removal; it explicitly disclaimed the fraudulent joinder exception in its reply. Specifically, American Economy stated, "[p]laintiff spends significant portions of his Response discussing the doctrines of fraudulent joinder and fraudulent misjoinder. Respectfully, these arguments are immaterial and should be disregarded as American Economy does not assert that Plaintiff fraudulently joined Reset to this action." [Doc. 15, p. 7 n.1].

While American Economy has now reversed course, arguing that "its removal of this action was objectively reasonable given its reliance on the improper joinder exception to the

- 4 -

voluntary/involuntary rule" [Doc 25, p. 9], the court declines to find that removal was objectively reasonable based upon an argument which American Economy explicitly disclaimed.

### C. Some of the Fees Sought by Mr. Stroud Relate to Time not Reasonably Spent on Removal and Remand

Having reviewed the billing records, the court finds that attorney time expended on Mr. Stroud's Response to American Economy Insurance Company's Request to Ignore Incorporated Materials [Doc. 17] and plaintiff's Application to file a Response to American Economy Insurance Company's Request to Ignore Incorporated Materials [Doc. 18] are not compensable. The former filing was stricken by the court at Mr. Stroud's request and the latter was denied because a surreply was unnecessary.  The court therefore reduces the award by $1,837.50 for 5.25 hours spent drafting the aforementioned filings.

Finally, American Economy objects to an award of fees based on billing entries related to "general correspondence regarding discovery in the case." Yet, American Economy does not identify which billing entries it contends were related to discovery and it is not apparent to the court that any of the entries were related to discovery matters. Similarly, American Economy objects on the basis that Mr. Stroud's counsel's fees are "inflated and unreasonable as a whole" but does not specifically identify any such entries. The court declines to reduce the fee award based on such generalized objections.

WHEREFORE, the Motion to for Attorney Fees [Doc. 24] of plaintiff Matthew Garrett Stroud is granted in part. Plaintiff is awarded attorney fees in the amount of $14,544.50.

IT IS SO ORDERED this 26th day of August, 2024.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE